## DEMMITT v MACY et

Ohio Appeals, 2nd Dist, Miami Co.

No. 410. Decided Jan. 15, 1942.

Dawes T. Bennert, Dayton; Swaney & Creager, Dayton, for plaintiff-appellant.

Kerr & Kerr, Troy, for defendants-appellees.

### OPINION

By GEIGER, PJ.

This matter had its inception in the Probate Court of Miami County, wherein Ralph W. Demmitt, as executor of the estate of Carrie L. Duncan, filed his petition praying that the court determine the rights and interests of all parties in the premises described and that he be authorized to sell the real estate in compliance with the second item of the will of his decedent, said item being,

"I desire that all my property, both real and personal, be converted into cash by my executor, named hereinafter, as soon as possible after my decease."

There are many parties defendant, one group being heirs of Carrie L. Duncan, deceased, and the other group being heirs of her deceased husband, Lyman T. Wheelock.

Appropriate answers are filed by the parties raising the issues to be determined.

The plaintiff asserts that his decedent inherited the real estate from her deceased husband who died intestate and without issue.

The defendants assert that Carrie L. Duncan, the decedent, had no interest in the premises she inherited, only a life estate from her husband Lyman T.

Wheelock, and upon her death all her interest in the premises ceased; that Lyman T. Wheelock acquired title to the premises by a deed of gift and that the deed to him was the same as the several deeds made to his brothers and sisters and was a division of the estate of their father and that the property conveyed to Lyman under the law as it then existed was ancestral property and on his death a life estate only passed to his widow. The defendants pray that the property may be held to be the property of the heirs of Lyman T. Wheelock and that the title may be quieted as against the estate of Carrie L. Duncan and that the proceeds of the premises be divided among the heirs of Lyman T. Wheelock.

The parties have filed an agreed statement of facts wherein it appears that Henry Wheelock, on July 21, 1900, was the owner of four tracts of land and had four children, namely, Lyman, Ira, Mary and George and that on that date he made four deeds by which he deeded one tract to each child reserving to himself a life estate in each tract; that the consideration named in each deed was "love and affection and for services rendered and one dollar." All the deeds except one to Lyman contained the provision that within one year after the death of the grantor, the grantee named in that deed shall pay to Lyman $200.00 "the same being a further consideration for this conveyance and shall be a lien on the premises herein conveyed." Ira paid to Lyman the $200.00 specified. Lyman died intestate and without children leaving a widow, who later intermarried with one Duncan, who has since died leaving a will with the provision heretofore quoted.

On the trial upon the issues in the agreed statement, the court found that Lyman T. Wheelock, former husband of Carrie L. Duncan, received his interest in the premises by deed of gift dated July 21, 1900 and that at that time the statutes of Ohio provided that where title came to an intestate by descent, devise or deed of gift from an ancestor that such estate should pass to the widow for life and then to the blood of the ancestor from whom the estate came and that the only estate taken by Carrie L. Duncan, formerly Carrie L. Wheelock, the widow of Lyman, was an estate for life in the premises described. The court further finds that the plaintiff is not entitled to the relief requested and his petition is dismissed.

The entry embodying the finding of the court was made on the 8th of February, 1941, and notice of appeal therefrom on questions of law was given by the plaintiff.

The court below rendered a decision reciting the facts substantially as above stated, pointing out that the several deeds to the four children of Henry Wheelock were dated the same day and executed as a part of the same transaction. The court concludes,

"With all of these transactions occurring at the same time and making as complete a division of his property as could be made, in fact, his estate completely put beyond the scope of administration, or we could say, his estate was in fact administered. There was other written evidence and all evidence was written and was one complete transaction."

The court relies for his decision on the cases of Carter v Day, 59 Oh St 96-166; Lee v Fike, 28 Oh Ap 283; Huseman v Fingermeyer, 106 Oh St 113. The court finds that "the deed to Lyman was a deed of gift and that his wife took only a life estate."

It will thus be seen that the only issue raised in this case is whether the deed to Lyman was a deed of gift or a deed of purchase. If it was a deed of gift, there is no error prejudicial to the rights of the plaintiff. If it was a deed of purchase, there was prejudicial error requiring the reversal of the court below.

The provisions of the several deeds, so far as they touch upon the matter at hand, are recited first in the deed to Mary C. Wheelock, "in consideration of love and affection for daughter and for all service previously rendered and one dollar to him paid by Mary C. Wheelock," etc. A life estate was reserved by the grantor.

The deeds to George W. Wheelock and to Ira E. Wheelock had identical provisions. Each of these deeds provided that within one year after the death of the grantor, the several grantees shall pay to Lyman Wheelock $200, "the same being a further consideration for this conveyance and shall be a lien upon the premises conveyed."

The recited consideration in the deed to Lyman was "in consideration of love and affection for son and for services rendered and one dollar to him paid by Lyman T. Wheelock the receipt whereof is hereby acknowledged, do hereby grant", etc., reserving to the grantor a life estate as in the other three deeds. The deed to Lyman had no reference as to the payment by each of the other three of the $200.00 to Lyman "being a further consideration for this conveyance".

Each of the four deeds contained a general warranty of title except as to the life estate reserved.

The errors assigned are:

(1) The court erred in finding that the deed to Lyman conveyed an ancestral estate by deed of gift from an ancestor.

(2) The court erred in admitting into evidence deeds of Henry Wheelock to other grantees, there being nothing in Henry's deed to Lyman connecting this deed with the other deeds. The plaintiff asserts error in the admission of the other deeds for the purpose of controverting the effect of the deed to Lyman with effect of altering the course of descent.

(3) The court erred in speculating upon what might have been going on in the mind of Henry and in permitting the result of that speculation to affect the rights in land forty years after the occurrence.

(4) The court erred in holding that as Henry, the grantor, was estopped to dispute the legal effect of the operative words of his own deed, so the defendants in this action are likewise estopped.

(5) The court erred in relying upon the cases cited.

While there are five assignments of error, the only one of consequence is the first wherein it is asserted that the court erred in finding that the deed of Henry to Lyman conveyed an ancestral estate by deed of gift and not a non-ancestral estate by deed of purchase.

The appellants rely upon the cases of

Gardner v Kern, 115 Oh St 575.
Groves v Groves, 65 Oh St 442.
Shehy v Cunningham, 81 Oh St 289.
Thiessen v Moore, 105 Oh St 401.
Ossman v Schmitz, 4 C. C. N.S. 602.
Brown v Whaley, 58 Oh St 654.
Patterson v Lamson, 45 Oh St 77.

The admission and consideration by the court of the other three deeds, if erroneous, are covered by the first assignment. The court below relied upon the three cases heretofore referred to, which are cited and commented upon by the appellees, who also comment upon the several cases cited by the appellant.

We do not deem it of advantage to comment upon all of the several cases cited by counsel confining ourselves to those that most clearly state the position of counsel.

Gardner et v Kern, 115 Oh St 575, holds, in substance, as follows:

(1) Where a father executes a deed to his son containing recitals of a valuable consideration, such deed conveys title by purchase and upon the death of the grantee, intestate and childless, the estate descends in fee and vests in his relict under the provisions of §8574 GC.

(2) On the same day the father,

contemplating the distribution of his real estate, executed three instruments; two separate deeds to his son and daughter, respectively, each reciting the receipt of a valuable consideration and also a will devising another tract to his wife and still another to children of a deceased daughter. Proof merely of the execution of such contemporaneous instruments does not convert the deed to the son into one of gift, thereby changing the course of descent.

(3) Although the execution of contemporaneous documents may tend to prove that the grantor contemplated only the distribution of his property that fact alone does not furnish clear and convincing proof of a mistake or mistaken intention on the part of the grantor. He had the right to impart to his deed the descendible quality of the title he was conveying and when he employed therein the recital of a valuable consideration, it will be presumed that he used the recital with the intention of conveying title to his son through the medium of a deed of purchase.

The case is interestingly discussed by Jones, J., delivering the opinion of the court. Counsel herein are referred to the text of the case for further enlightenment.

**Groves et v Groves, 65 Oh St 442,** holds,

"Where the consideration expressed in a deed of conveyance is a valuable one, the title comes by purchase, and it is not competent to show by parol, that in fact the title came by deed of gift, and thereby change the line of descent."

The matter is discussed at length by Burkett, J., delivering the opinion of the court. We find nothing in this opinion that gives support to the position taken by the appellees.

**Shehy v Cunningham, 81 Oh St 289,** holds,

"The consideration clause in a deed of conveyance is conclusive for the purpose of giving effect to the operative words of the deed but for every other purpose it is open to explanation by parol proof and is prima facie evidence only of the amount, kind and receipt of the consideration."

The opinion is by Summers, J. and with his customary industry he has cited and commented upon all the cases bearing upon the question. Nothing, either in the opinion or cited cases, tends to support the view of the appellees.

**Thiessen v Moore, 105 Oh St 401,** holds, in substance, the consideration paid for a conveyance determines its course of descent and the recital in the deed is "operative words" and for the purpose of determining the course of descent is conclusive. The court refers to the case of **Shehy v Cunningham, 81 Oh St 289,** heretofore commented upon.

We deem these citations sufficient to present the position of the appellant.

The court below and appellees rely upon the following cases:

**Carter et v Day et, 59 Oh St 96,** wherein it is held,

"1. The line of descent is not broken by partition of an estate theretofore held in common, whether the partition be made in a legal proceeding, or by the interchange of mutual releases. In either case the title of each parcener in the share set off to him in severalty remains the same as that by which his undivided interest in the land was held.

2. Where the estate in common came by descent, devise or deed of gift, the parcel allotted to a parcener who dies seized of the same descends according to the provisions of §4158 of the Revised Statutes.

3. When partition is made by mutual releases, they should be read and construed together, in the light of the circumstances attending their execution; and it is competent to show that

their only purpose was to accomplish the partition, and no other consideration passed between the parties, though a pecuniary consideration be expressed in the deeds."

**Lee et v Fike, 28 Oh Ap 283,** holds in substance,

1. The recital of a pecuniary consideration in a deed from an ancestor to an heir can not be varied or explained for the purpose of changing the line of descent.

2. Where the owners of an estate acquired by descent and held in common, partition the same by the interchange of mutual releases, there is no element of bargain and sale in the transaction and no new title is cast by such deeds.

**Huseman v Fingermeyer, 106 Oh St 113,** related to the amicable partition of land descending from a common ancestor. The land was divided into tracts of equal area but of unequal value. Each of the children could bid for a farm house located upon one of the tracts and the highest bidder was to have a quit claim deed therefor from the other heirs. After competitive bidding, one co-parcener bid a sum and received from the others a quit claim deed therefor and this sum was equally distributed among the several co-parceners and mutual releases were entered for the other tracts taken by the other heirs. It was held that to the extent of one-fifth of the tract selected by the co-parcener successfully bidding for the homestead, she took title by descent and that upon dying intestate the property passed under §8573 GC. To the extent of the remaining title acquired by her under the amicable partition, she obtained a title thereto by purchase which upon her intestacy passed under the provisions of §8574 GC.

It will be at once detected that these cases all relate to a division among those who had inherited a tract of land so that each may hold a portion thereof in severalty, and it is held that where there is an amicable partition the future descent of the land is not controlled by such partition and that the character of the title acquired by the co-parcener is not altered by this partition.

This is a different situation from that obtaining in the case at bar. In the present case the ancestor made the several deeds reciting the consideration as above indicated. There was no element of amicable partition by the heirs who had acquired land from an ancestor by descent, devise or deed of gift. Each deed recited its own consideration and the character of the title was determined by the recitals of such deed and the fact that the title came by deed of purchase was not altered by the fact that the ancestor simultaneously made separate deeds to his several children. Had the land been acquired by the four children by descent, devise or deed of gift from their common ancestor and thereafter been partitioned among them so that each might hold his portion thereof in severalty, the character of the title would not have been changed from ancestral property to property acquired by purchase. But that was not the case. Each child acquired his portion from his father by deed of purchase reciting a valuable consideration and each held the same as land acquired by purchase and it is quite probable that the other three children disposed of their share as land acquired by purchase or, at least, that as to the other children no condition arose by which their several tracts were disposed of by them as ancestral property.

The other assignments of error will be overruled.

The judgment of the Probate Court is reversed and cause remanded for further proceedings under the issues made.

BARNES & HORNBECK, JJ., concur.